PER CURIAM.
Appellant raised five grounds in his motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure.[1] The trial court stated in its order denying appellant’s motion that “[t]he transcript of the plea colloquy conclusively re- *772 fates the defendant’s allegations.” We agree that the plea colloquy does refute appellant’s allegations as to his alleged misconception concerning his right to basic gain time and the alleged misadvice given to him concerning the recommended permitted sentencing guidelines. The plea colloquy also shows that appellant and his counsel agreed that the trial court could rely on the information as a factual basis for his plea, but the trial court failed to attach this information to his order denying post-conviction relief.
The plea colloquy does not address appellant’s assertion that he pled guilty to six offenses that were not violations of the law at the time of their commission and the trial court has failed to attach those parts of the record that would refute this claim.
Accordingly, we affirm the trial court’s denial of appellant’s motion for post-conviction relief based upon his assertion that he received misadvice from his counsel concerning basic gain time and the recommended and permitted sentencing guidelines. We reverse the trial court’s denial of post-conviction relief as to the six offenses that he asserts were not violations of the law at the time of their commission and as to his claim that the trial court failed to make a judicial determination of the underlying factual basis to support his plea. We remand this cause to the trial court for an evidentiary hearing or in the alternative with instructions to attach those portions of the record that conclusively refute these claims for posteonviction relief.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, SHAHOOD and GROSS, JJ., concur.

. Appellant has not appealed from the trial court’s denial of post-conviction relief based upon his allegation that a number of his convictions constituted double jeopardy.